WILLIAM H. GERTZ *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.   March 5. — 19, 1884.   DEVENS & COLBURN, JJ., absent.

Evidence of the character and present reputation for truth of a witness is admissible to rebut evidence of his conviction of crime.

Evidence is inadmissible, to rebut evidence of the conviction of a witness of crime, that he was innocent of the crime, and in explanation of his conviction.

TORT, for personal injuries received by the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the exclusion of certain evidence, which appears in the opinion.

*J. J. Myers,* for the plaintiff.

*C. A. Welch,* for the defendant.

HOLMES, J. In this case, the plaintiff having testified as a witness, the defendant put in evidence the record of his conviction in 1876, in the United States District Court, of the crime of falsely personating a United States revenue officer. The plaintiff then offered evidence of his character and present

reputation for veracity, which was excluded, subject to his exception.

We think that the evidence of his reputation for truth should have been admitted, and that the exception must be sustained. There is a clear distinction between this case and those in which such evidence has been held inadmissible, for instance, to rebut evidence of contradictory statements; *Russell* v. *Coffin*, 8 Pick. 143; *Brown* v. *Mooers*, 6 Gray, 451; or where the witness is directly contradicted as to the principal fact by other witnesses. *Atwood* v. *Dearborn*, 1 Allen, 483.

In such cases, it is true that the result sought to be reached is the same as in the present, — to induce the jury to disbelieve the witness. But the mode of reaching the result is different. For, while contradiction or proof of contradictory statements may very well have the incidental effect of impeaching the character for truth of the contradicted witness in the minds of the jury, the proof is not directed to that point. The purpose and only direct effect of the evidence are to show that the witness is not to be believed in this instance. But the reason why he is not to be believed is left untouched. That may be found in forgetfulness on the part of the witness, or in his having been deceived, or in any other possible cause. The disbelief sought to be produced is perfectly consistent with an admission of his general good character for truth, as well as for the other virtues; and until the character of a witness is assailed, it cannot be fortified by evidence.

On the other hand, when it is proved that a witness has been convicted of a crime, the only ground for disbelieving him which such proof affords is the general readiness to do evil which the conviction may be supposed to show. It is from, that general disposition alone that the jury is asked to infer a readiness to lie in the particular case, and thence that he has lied in fact. The evidence has no tendency to prove that he was mistaken, but only that he has perjured himself, and it reaches that conclusion solely through the general proposition that he is of bad character and unworthy of credit. 1 Gilb. Ev. (6th ed.) 126.

The conviction in the United States District Court was for a felony punishable with imprisonment (U. S. St. of March 2,

1867, § 28); and, assuming that it stands on the same footing as a conviction in another State, it would have been admissible, according to the dicta in our cases, independently of statute, not to exclude the witness, but to impeach his credit. *Commonwealth* v. *Green*, 17 Mass. 515, 541. *Commonwealth* v. *Knapp*, 9 Pick. 496, 511. *Utley* v. *Merrick*, 11 Met. 302. See Rev. Sts. c. 94, § 56. And when a conviction is admitted for that purpose, it always may be rebutted by evidence of good character for truth. *Commonwealth* v. *Green, ubi supra*. *Russell* v. *Coffin*, 8 Pick. 143, 154. *Rex* v. *Clarke*, 2 Stark. 241. *Webb* v. *State*, 29 Ohio St. 351.

It is true that a doubt is thrown upon this doctrine in *Harrington* v. *Lincoln*, 4 Gray, 563, 568; but that case was decided on the ground that the cross-examination which showed that the witness had been charged with a crime also showed that he had been acquitted, and cannot be regarded as an authority against our decision, whether the *ratio decidendi* adopted be reconcilable with later cases or not. *Commonwealth* v. *Ingraham*, 7 Gray, 46.

The applicability of the foregoing reasoning is made clear by the language of our statutes. By the Pub. Sts. c. 169, § 19, the only purpose for which conviction of a crime may be shown, in any case, is to affect credibility. Even if the conviction proved here would have excluded the witness but for the statute cutting down its effect, it could not be maintained that evidence of reputation for truth remained inadmissible because it would have been so when the witness was excluded. The statute puts all convictions of crime on the same footing, — those which formerly excluded, those which always have gone only to credibility, and, it would seem, those which formerly would not have been admissible at all. (We assume that the words " a crime " in the Pub. Sts. c. 169, § 19, mean the same as " any crime " in the St. of 1870, c. 393, § 3. Gen. Sts. c. 131, § 13. Sts. 1852, c. 312, § 60; 1851, c. 233, § 97. *Commonwealth* v. *Hall*, 4 Allen, 305.) And therefore any evidence which was admissible to rebut a conviction that only discredited before the statute, must now be admissible to rebut all convictions that may be put in evidence. Whether any different rule would apply when the fact is only brought out on cross-examination we need not consider.

The exception to the exclusion of evidence that the witness was innocent of the offence of which he was convicted, and explaining why he was convicted, is not much pressed, and is overruled.   *Commonwealth* v. *Gallagher*, 126 Mass. 54.

                                              *Exceptions sustained.*