**Nadine SCOTT, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 915.

Supreme Court of Alaska.

Sept. 16, 1968.

Peter LaBate, Anchorage, for appellant.

Douglas B. Baily, Dist. Atty., Russell J. Gallagher, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant was convicted in the district court of the charge of soliciting for the purpose of prostitution in violation of state statute.[1] During the trial, the state, in order to impeach appellant and her witness, offered evidence of their prior convictions for soliciting prostitution in violation of an Anchorage city ordinance. Objections to the admission of evidence of the convictions were made on the ground that violations of municipal ordinances are not "crimes" within the meaning of Civil Rule 43(g) (11) [b] [2] and Civil Rule 43(h) (7) [3] which permit impeachment of a witness by evidence that he has been convicted of a crime. Appellant's objections were overruled.

The point was appealed to the superior court which affirmed appellant's conviction, whereupon appeal was taken to this court.

Appellant relies on authorities which have held that a conviction for violation of a municipal ordinance may not be shown to impeach a witness on the ground that only convictions for violations of the law of the land or of the state are admissible

1. AS 11.40.230.

2. Civ.R. 43(g) (11) [b] states:

A witness may be impeached by the party against whom he was called by contradictory evidence, or by evidence that his general reputation for truth is bad, or that his moral character is such as to render him unworthy of belief. He may not be impeached by evidence of particular wrongful acts, except that it may be shown by the examination of the witness or the record of a judg-ment that he has been convicted of a crime.

3. Civ.R. 43(h) (7) states:

Every natural person has a privilege, which he may claim, to refuse to disclose in an action any matter that will have a direct tendency to degrade his character, except that such privilege shall not exist if the matter relates to the fact in issue or to a fact from which the fact in issue would be presumed. A witness must answer as to the fact of his previous conviction of a crime.

for impeachment purposes.[4] Appellant also relies on relatively recent Oregon authorities holding that a violation of a municipal ordinance is not a "crime"[5] within the meaning of Oregon law providing that it may be shown, for purposes of impeachment, that a witness has been convicted of a crime.[6] Appellant points out that Oregon's definition of a crime[7] is so similar to Alaska's definition[8] that Oregon authorites should be controlling.

We are unable to agree with appellant. As early as 1906, in Ball v. United States,[9] it was established that under Sections 669 and 675 of Carter's Codes of Alaska, which were taken from the laws of Oregon and which are identical in all pertinent respects with Civil Rules 43(g) (11) [b] and 43(h) (7), that proof of a witness' prior conviction of a misdemeanor was admissible for purposes of impeachment. There a judgment of conviction of the witness in the United States District Court in the Northern District of California of the misdemeanor of using the United States mails to defraud was held to have been properly admitted into evidence by an Alas-

ka court. In so holding, the court relied upon a decision of the Supreme Court of Oregon.[10] The court in *Ball* pointed out that the only reason that a defendant who took the stand in his own defense in Oregon could not be asked whether he had been convicted of a crime was because of an Oregon statute which expressly restricted cross-examination of the defendant to the testimony he had given on direct examination. The court specifically pointed out that no such restriction applied under Alaska law.

In Anderson v. State[11] this court followed Ball v. United States and construed Civil Rules 43(g) (11) [b] and 43(h) (7) as permitting proof of a previous conviction of a misdemeanor. In Sidney v. State[12] this court said:

Under the wording of Civ.R. 43 and the Anderson case, no limitation exists as to the type of crimes that can be used to impeach a defendant-witness.

Our dissenting colleague doubts that appellant was given a fair trial because evidence was admitted that both she and her

---

4. Appellant cites Carter v. Duluth Yellow Cab Co., 170 Minn. 250, 212 N.W. 413, 414 (1927); and Roe v. State, 96 Fla. 723, 119 So. 118, 121 (1928) which so held even though the facts constituting the violation of a municipal ordinance also amounted to a violation of state law.

5. State v. Crawford, 58 Or. 116, 113 P. 440, 441 (1911); Redsecker v. Wade, 69 Or. 153, 134 P. 5, 138 P. 485, 487 (1914) and Triphonoff v. Sweeney, et al., 65 Or. 299, 130 P. 979, 982 (1913).

6. Section 863 L.O.L. referred to in the Oregon authorities cited by appellant is no doubt the same as present Ore.Rev. Stat. 45.600 (1967) which states:
   A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime.

7. Ore.Rev.Stat. 161.020 (1967) states:
   A crime or public offense is an act or omission forbidden by law and punishable upon conviction by any of the following punishments:
   (1) Imprisonment.
   (2) Fine.
   (3) Removal from office.
   (4) Disqualification to hold and enjoy any office of honor, trust or profit under the Constitution or laws of this state.

8. AS 11.75.020 states:
   A crime or public offense is an act or omission forbidden by law, and punishable, upon conviction, or by any of the following punishments:
   (1) imprisonment;
   (2) fine;
   (3) removal from office;
   (4) disqualification to hold and enjoy an office of honor, trust, or profit.

9. 147 F. 32, 38 (9th Cir. 1906).

10. State v. Bacon, 13 Or. 143, 9 P. 393, 57 Am.R. 8 (1886).

11. 384 P.2d 669, 673 (Alaska 1963).

12. 408 P.2d 858, 863 (Alaska 1965).

witness had been four times previously convicted of the crime of soliciting prostitution, which was the same crime for which appellant was being tried, and that the trial judge did not clearly instruct the jury that this evidence was admitted only to impeach credibility and was not to be considered as evidence of guilt. Our colleague believes that there is a strong likelihood that evidence of the prior convictions was considered by the jury as evidence of guilt of the crime for which appellant was on trial and would order a new trial.

The majority does not share these doubts. Appellant herself apparently has no such doubt for she has made no point of the possibility that the jury may have improperly considered the evidence of prior convictions. The record contains nothing which would suggest a "strong likelihood" that the jury misapplied the evidence. The trial judge did explain to the jury that the evidence was being admitted only to test credibility and was "not to be considered as evidence against her in this particular case." The trial judge did not again instruct the jury to this effect at the close of the case because district judges are not permitted to instruct juries.[13] The district judge, therefore, did all that he could permissibly do to clarify the only purpose of the evidence.

██ The overwhelming weight of authority is that a witness' credibility may be impeached by evidence that he has been convicted of a crime. In the case before us the complaining witness testified that appellant had offered to engage in sexual intercourse for hire. Appellant's testimony was directly contradictory. The outcome of the case would necessarily turn on credibility and the state was entitled to impeach appellant's veracity, if it could, by the evidence in question.

Ordering a new trial would be futile. District court judges are still not permitted to instruct juries and Civil Rules 43(g) (11) [b] and 43(h) (7) are still in effect.

Finding no error, it is ordered that the judgment of the superior court affirming the judgment of the district court be affirmed.

RABINOWITZ, Justice (dissenting).

In my opinion application of two unsatisfactory rules of procedure deprived appellant of the opportunity of receiving a fair trial. Pertinent here, in addition to Civil Rule 43(g) (11) [b] which permits a witness to be impeached by showing his prior conviction of a crime, is District Court Criminal Rule 1(c). This latter rule governs trial procedures in the district court and provides in part that:

> The trial shall be conducted as are trials in criminal cases in the superior court, except that the court shall not instruct the jury other than to define the nature of the offense charged and the statute or regulation upon which the complaint is based.

In the case at bar the district court permitted appellant and appellant's only defense witness to be impeached by evidence of their four prior convictions of the same type of crime for which appellant was on trial.[1] Examination of the record discloses that the trial judge never clearly or specifically instructed the jury as to the permissible or impermissible uses of such

---

13. District Court Crim.R. 1(c) states:
   The trial shall be conducted as are trials in criminal cases in the superior court, except that the court shall not instruct the jury other than to define the nature of the offense charged and the statute or regulation upon which the complaint is based.

1. Appellant Nadine Scott was charged with the crime of soliciting for the purpose of prostitution in violation of AS 11.40.230. Both appellant and Dorothy Porter, the only witness to give defense testimony in addition to appellant, were impeached by evidence of their previous convictions for violations of Anchorage, Alaska, Code of Ordinances, § 15–2(c) (1957), which prohibits solicitation for acts of prostitution.

evidence. During the prosecution's cross-examination of appellant the district judge did make the following comments in ruling upon counsel for appellant's objection to the admission into evidence of appellant's two prior city convictions:

> Well, I think the City statutes defines temporary misdemeanors and felonies and the only crimes in the State. And ' the *Motion* is denied. The purpose, of course in asking a question whether a person has been convicted is to press upon their credibility as a witness not to be considered as evidence against her in this particular case, as to her credibility.

Other than these somewhat obscure comments made in response to counsel's objection to this impeaching evidence, the record demonstrates that the trial judge made no additional reference to this evidence. More specifically, the court did not give any instruction to the jury at a subsequent point in the trial when appellant's objection to the impeachment-by-evidence-of-prior-conviction of her witness, Dorothy Porter, was overruled. Nor did the court, in its charge to the jury, allude to the purpose for which evidence of this character is permitted to be heard and used by the jury.

In commenting upon the general theory concerning the use of prior convictions to impeach the credibility of witnesses, Justice Holmes stated:

> [W]hen it is proved that a witness has been convicted of a crime, the only ground for disbelieving him which such proof affords is the general readiness to do evil which the conviction may be sup-

posed to show. It is from that general disposition alone that the jury is asked to infer a readiness to lie in the particular case, and thence that he has lied in fact. The evidence has no tendency to prove that he was mistaken, but only that he has perjured himself and it reaches that conclusion solely through the general proposition that he is of bad character and unworthy of credit.[2]

In my view the recent decisions of this court reflect, to a certain degree, dissatisfaction with Civil Rule 43(g) (11) [b]'s provision for the admissibility into evidence of the witness' prior conviction of crime for impeachment purposes. In Gafford v. State,[3] it was said that:

> We recognize that because defendants are subject to impeachment through proof of prior convictions, as a matter of strategy, defense counsel often have the defendant himself reveal his prior convictions in order to lessen the prejudicial impact such evidence may carry with it when used by the prosecution for impeachment purposes.[4]

In *Gafford* we then went on to hold that:

> [T]he prosecution's inquiry should be limited to the name of the crime, time and place of conviction, and the sentence imposed. *It is our belief that this rule will minimize the 'prejudice and distraction' from the issues which may flow from our general impeachment rule.*[5]

Prior to *Gafford*, this court in Sidney v. State decided against appellant's contention that under Civil Rule 43(g) (11) [b] impeachment should be limited solely to

---

2. Gertz v. Fitchburg R.R. Co., 137 Mass. 77, 78 (1884), quoted in Ladd, Credibility Tests—Current Trends. 89 U.Pa.L.Rev. 166, 175–76 (1940). Professor Wigmore in his treatise says that the legislatures of almost every jurisdiction in the process of abolishing disqualification of witnesses for conviction of crime have in the same instance provided that such conviction could be used to impeach the credibility of the witness. See generally II,

III J. Wigmore, Evidence §§ 519, 980, 987 (3d ed. 1940).

3. 440 P.2d 405, 413 (Alaska 1968).

4. At this portion of the *Gafford* opinion we made references to our previous decision in Sidney v. State, 408 P.2d 858 (Alaska 1965). In the *Sidney* case defense counsel employed this anticipatory impeachment technique.

5. 440 P.2d 405, 413 (Alaska 1968) (footnote omitted.)

crimes involving dishonesty or false statement. There we held that "no limitation exists as to the type of crimes that can be used to impeach a defendant-witness." [6] Additionally, and in response to the argument which was advanced by appellant in *Sidney*, we referred counsel and the bar in general to Supreme Court Rule 53 which provides for the submission of proposals to this court for changes in the rules governing practice and procedure in criminal cases. In *Sidney* we also cited counsel and the bar to Dean Griswold's criticisms of the impeachment-by-evidence-of-prior-convictions-of-crime-rule and his arguments espousing the need for reform in this area.[7]

In addition to the observations of Dean Griswold, I believe that Dean Mason Ladd's comments concerning the impeachment rule are pertinent:

Three possible effects from the introduction of the previous conviction of the accused who offers himself as a witness should be kept in mind in examining the cases: (1) The previous conviction may be taken for its intended purpose only, i. e., to test his credibility. (2) It may be used to show the propensity of the accused to commit the particular act charged. This is particularly true when the prior conviction was the same as the present charge and its nature is stated. (3) Proof of the former conviction may create a general prejudice against the accused causing the jurors to regard him as a bad individual and to consider it generally desirable that he be put away quite apart from whether the present

6. 408 P.2d 858, 863 (Alaska 1965) (footnote omitted).

At the outset of our status as a territory, it was provided that a witness could be impeached by evidence of his conviction of a crime. Carter Code, Title 64, § 669 (1907). Ball v. United States, 147 F. 32, 38 (9th Cir. 1906), involved the first judicial contruction of this section of Alaska's laws. There the court said in part:

These sections were taken from the statutes of Oregon ⁕ ⁕ ⁕. Before they were adopted for Alaska, the Supreme Court of Oregon had in State v. Bacon, 13 Or. 143, 9 Pac. 393 * * * so construed these provisions as to sanction the admission in evidence, for the purpose of impeaching a witness, proof of his prior conviction of a misdemeanor.

*Ball* was followed by Vedin v. McConnell, 22 F.2d 753, 754 (9th Cir. 1927), where the court said that sustaining an objection to admission of evidence of prior conviction was error when the witness had been pardoned because:

The pardon in no wise negatived the implications of the conviction in respect of plaintiff's character, and the jury was entitled to knowledge of it as bearing on his credibility as a witness.

Thereafter, in Meeks v. United States, 163 F.2d 598, 600 (9th Cir. 1947), the court held that our impeachment statute did not require a denial by the witness before impeachment by record of the conviction was permissible. In Tuengel v. City of Sitka, Alaska, 245 F.2d 61, 62 (9th Cir. 1957), the court held that plaintiff's conviction of criminal contempt for jury tampering was admissible for what effect it might be given in judging plaintiff's credibility. The *Tuengel* case was followed by Christy v. United States, 261 F.2d 357, 360 (9th Cir. 1958), where the appellate court sustained the trial court's admission into evidence of the record of appellant's prior conviction for the same felony (unnatural carnal copulation) as the one for which appellant was on trial. The actual basis for sustaining the lower court's ruling was that such evidence was admissible to show that Christy lied when she described her prior conviction as a misdemeanor.

The only other precedent prior to our decisions in the *Gafford* and *Sidney* cases is this court's opinion in Anderson v. State, 384 P.2d 669, 673 (Alaska 1963). There the question before this court was "whether the court erred in permitting the prosecutor to ask a witness whether he had been convicted of a felony." In answering this question affirmatively, we cited with approval Ball v. United States, 147 F. 32, 38 (9th Cir. 1906).

7. Griswold, The Long View, 51 A.B.A.J. 1017, 1021 (1965). To my knowledge this court has yet to receive any proposals for amendment to Civ.R. 43(g) (11) [b].

proof of his guilt is sufficient under the law.[8]

Equally cogent are Professor McCormick's observations on the question. In Professor McCormick's view:

The sharpest and most prejudicial impact of the practice of impeachment by conviction * * * is upon one particular type of witness, namely, the accused in a criminal case who elects to take the stand. If the accused is forced to admit that he has a 'record' of past convictions, particularly if they are for crimes similar to the one on trial, the danger is obvious that the jury, despite instructions, will give more heed to past convictions as evidence that the accused is the kind of man who would commit the crime on charge, or even that he ought to be put away without too much concern with present guilt, than they will to its legitimate bearing on credibility * * *.[9]

After study of the entire record in this case, I have considerable doubts as to whether appellant was in fact accorded a fair trial. These doubts stem from the fact that in a trial upon a charge of soliciting for the purpose of prostitution, appellant and her only defense witness and companion during the early morning hours in question were both impeached by evidence of their previous convictions of the crime of soliciting for the purpose of prostitution. Additionally, the trial court did not clearly instruct the jury that this evidence was admitted for purposes of impeaching the witnesses' credibility and was not to be used by the jury as evidence of guilt of the crime in question.[10] In my view there is a strong likelihood that these prior convictions were used as substantive evidence of appellant's guilt of the crime for which she was on trial. I would, therefore, set aside appellant's sentence of a 90-day imprisonment and fine of $500 and grant appellant a new trial.[11]

---

8. Ladd, Credibility Test—Current Trends, 89 U.Pa.L.Rev. 166, 187 (1940).

9. C. McCormick, Evidence § 43, at 93 (1954). See Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936, 940 (1967) (footnote omitted), where the court said in part:
A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time'. As a general guide, those convictions which are for the same crime should be admitted spar-

ingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

10. Compare with the instructions given by the trial court in Gafford v. State, 440 P.2d 405, 414 (Alaska 1968).

11. In my opinion the amendment of Civ. R. 43(g) (11) [b] warrants the careful study and consideration of all members of the Alaska Bar Association. The wide variety of approaches taken either by statute or judicial precedent to the question of this type of impeachment is summarized in III J. Wigmore, Evidence § 987 (3d ed. 1940).