George Ronald ROBINSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 1344.

Supreme Court of Alaska.

May 7, 1971.

---

Victor D. Carlson, Public Defender, Michael L. Rubinstein, Asst. Public Defender, Anchorage, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., Keith E. Brown, Robert L. Eastaugh, Asst. Dist. Attys., Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, and CONNOR, JJ.

## OPINION

RABINOWITZ, Justice.

In this appeal appellant George Ronald Robinson claims that the sentence imposed by the superior court was excessive.[1]

In the superior court Robinson was indicted for the crime of robbery [2] and using or carrying a firearm during the commission of a robbery.[3] After jury trial, he was found guilty of both charges and sentenced to 15 years imprisonment upon the robbery conviction and 10 years imprisonment upon the conviction for using or carrying a firearm during the commission of a robbery. These terms of imprisonment were made concurrent and the entire sentence was in turn made to run consecutively to a seven year sentence which had been previously received for separate crimes of armed robbery and attempted robbery.

Our recent decision in Whitton v. State, 479 P.2d 302 (Alaska 1970), requires that the judgment and commitment in this case be vacated and the case remanded for further sentencing proceedings. In *Whitton,* the appellant was similarly charged with robbery and the offense of use of a firearm during the commission of a robbery. There we concluded that the crimes of robbery and use of a firearm during the commission of robbery constituted the same offense for purposes of double jeopardy, and under such circumstances only

1. AS 22.05.010(b) provides: "The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient and, in the exercise of this jurisdiction, may modify the sentence as provided by law and by the constitution of this state. For the purpose of considering appeals of sentences on these grounds, the supreme court may sit in divisions."

2. AS 11.15.240 provides:
   *Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything· of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

3. AS 11.15.295 provides:
   *Use of firearms during the commission of certain crimes.* A person who uses or carries a firearm during the commission of a robbery * * * is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years.

one sentence was constitutionally permissible.[4] In regard to the subject of multiple sentences and the constitutional prohibition against double jeopardy, *Whitton* adopted a rule which requires the trial judge to focus upon "the quality of the differences, if any exist, between the separate statutory offenses, as such differences relate to the basic interests sought to be vindicated or protected by the statutes." We further said that:

If such differences in intent or conduct are significant or substantial in relation to the social interests involved, multiple sentences may be imposed, and the constitutional prohibition against double jeopardy will not be violated. But if there are no such differences, or if they are insignificant or insubstantial, then only one sentence may be imposed under double jeopardy. Ordinarily the one sentence to be imposed will be based upon or geared to the most grave of the offenses involved, with degrees of gravity being indicated by the different punishments prescribed by the legislature.[5]

In *Whitton,* we also alluded to the fact that since the robbery was perpetrated by the use of a firearm the crime of robbery with a firearm was also committed. From this it was concluded that

[s]ince the more serious offense already proscribes and punishes the activity of the less serious offense, the differences between the two offenses must be deemed insubstantial or insignificant in relation to the social interests involved.

The result is that the two separate statutory crimes constitute the 'same offenses' for purposes of double jeopardy. A single sentence was all that could properly be imposed under the double jeopardy provision of our constitution.[6]

Under *Whitton* the multiple sentences imposed in the case at bar are violative of Alaska's constitutional proscription against double jeopardy. We therefore hold that the trial court's judgment and commitment must be vacated and the matter remanded for imposition of a single sentence in conformity with *Whitton.*[7]

We deem it necessary to refer to several additional facets of the sentencing proceedings which occurred in the case at bar. In State v. Chaney, 477 P.2d 441, 443 (Alaska 1970), in the course of delineating this court's scope of review in sentence appeal matters, it was said that "[w]e are also obliged to consider the manner in which the sentence was imposed, including the sufficiency and accuracy of the information upon which it was based." Review of the record here compels the conclusion that the trial judge was not furnished sufficient information concerning Robinson prior to imposing what was in effect a term of 22-years imprisonment.

At oral argument it was contended in part that the sentence in question was excessive because Robinson would be ineligible for parole during service of his first seven-year term of imprisonment. Alaska's Parole Administration Act requires the parole board to

adopt rules which it considers necessary or proper with respect to the eligibility of prisoners for parole, the conduct of

4. The fifth amendment of the Federal Constitution provides in part:
[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *.
Alaska Const. art. I, § 9 provides in part:
No person shall be put in jeopardy twice for the same offense.

5. Whitton v. State, 479 P.2d 302, 312 (Alaska 1970) (footnote omitted).

6. *Id.* at 314.

7. The case at bar was on direct appeal at the time our decision in the *Whitton* case was rendered. In Fresneda v. State, 458 P.2d 134, 143 n. 28 (Alaska 1969), we held that the standards governing a warrantless search incident to a lawful arrest which were articulated in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, 694 (1969), were applicable to cases pending on direct review in this court as of the date of the *Chimel* decision.

parole hearings and conditions of release to be imposed on parolees.[8]

■ No rules promulgated by the parole board regarding eligibility of prisoners for parole have been brought to our attention.[9] Before making a decision as to whether the sentence in the case at bar should have been made to run consecutively to the seven-year sentence Robinson was serving for previous convictions of armed robbery and attempted robbery, the trial judge should have had knowledge of the parole board's policies or rules, if any, respecting the eligibility of prisoners for parole where consecutive sentences are involved. Concerning sentencing, sentence appeals, and parole matters in general, we believe it would be of benefit to all concerned if, as soon as practicable, the parole board, in conformity with AS 33.15.-100, adopted rules regarding eligibility of prisoners for parole, the conduct of parole hearings, and conditions of release to be imposed on parolees.

The question of when a prisoner is eligible for parole when consecutive sentences are imposed is of considerable significance not only to the prisoner and the state, but also to this court in carrying out its sentence review functions.[10] If, under present practices and policies of the parole board, Robinson is ineligible for parole until he has served all of the initial seven-year sentence and some portion of the consecutive sentence as imposed in the case at bar, then we would view the consecutive sentence as excessive and contradictory of the goal of rehabilitation in the administration of our system of criminal justice.

■ Examination of the record in this sentence appeal discloses that no psychological or psychiatric studies of Robinson were furnished to the trial judge prior to sentencing. Study of the sentencing proceedings reveals the trial judge entertained the firm conviction that the 19-year-old Robinson was beyond the reach of any rehabilitative efforts. Given Robinson's age and the state's recommendation that he be incarcerated in effect for 22 years, we think it imperative that the trial judge should have been furnished with psychological and psychiatric reports of Robinson prior to the imposition of sentence. Had

---

8. AS 33.15.100.

9. Regarding statutory criteria fixing eligibility for parole, AS 33.15.180 provides:
   A state prisoner, other than a juvenile delinquent, wherever confined and serving a definite term of over 180 days, or a term the minimum of which is at least 181 days, whose record shows that he has observed the rules of the institution in which he is confined may, in the discretion of the board, be released on parole.
   Also relevant is AS 33.15.230 which provides in part:
   (a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may
   (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner is eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court * * *.

10. We said in State v. Chaney, 477 P.2d 441, 444 (Alaska 1970) (footnote omitted), that:
   Under Alaska's Constitution, the principles of reformation and necessity of protecting the public constitute the touchstones of penal administration. Multiple goals are encompassed within these broad constitutional standards. Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

this information been made available, the trial judge would probably have been in a position to make a more enlightened determination as to Robinson's potential for rehabilitation, as well as to the necessity of making the sentence consecutive or concurrent to the seven year sentence Robinson was then serving.

On the other hand, we concur in the trial judge's conclusion that Robinson is a demonstrated poor risk, and that society needs to be protected from his antisocial behavior. For as we said in State v. Chaney, 477 P.2d 441, 446 (Alaska 1970), robbery ranks among the most serious crimes. Here Robinson was found guilty of the commission of two armed robberies and pled guilty to attempted robbery. All of these offenses occurred within a three-month period with two of the offenses being committed while Robinson was released from custody and awaiting trial on the first robbery charge. These felonies, when considered with Robinson's juvenile record,[11] make him a most unattractive candidate for leniency. Yet we believe we would be remiss in carrying out our review functions if we were to affirm the consecutive 22-year sentence imposed here in the absence of appropriate psychological and psychiatric evaluations, as well as knowledge of the parole board's policies and practices regarding a prisoner's eligibility for parole in the circumstances of consecutive sentences.

The judgment and commitment entered below is vacated and the case remanded for further sentencing proceedings in conformity with *Whitton* and this opinion.

ERWIN, J., not participating.

[11]. The presentence report and the transcript of the sentencing proceedings show that undue emphasis was placed on the number of Robinson's purported police contacts while a juvenile. Sentencing courts should be wary of relying on a record of police "contacts" or on arrest records in determining an appropriate sentence. We are of the further view that a juvenile's police contacts should not be made part of a presentence report. "The dangers inherent in the use of such records and in giving undue weight to such factors should be readily apparent to the trial judge." Waters v. State, Opinion No. 681, 483 P.2d 199 (Alaska 1971).