Steven Eugene PETERSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 1432.

Supreme Court of Alaska.

July 29, 1971.

Herbert D. Soll, Public Defender, Meredith A. Wagstaff, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., Charles M. Merriner, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

## OPINION

PER CURIAM.

On September 29, 1970, appellant plead guilty to the charge of burglary in a dwelling at nighttime in violation of AS 11.20.-080, which is punishable under the facts of this case by imprisonment for not less than one nor more than 15 years. From a sentence imposed by the trial court of five years with two years' probation, appellant makes this appeal.

A review of the appellant's background as shown in the pre-sentence report and at the hearing for entry of plea and sentencing shows that appellant, in previous encounters with the law, was convicted of operating a motor vehicle without the owner's consent and several driving offenses.[1] Additionally, appellant stated at the time of entry of plea of guilty that he had been using drugs at the time of this offense.

While appellant's home background appears good and he possesses above-normal intelligence, his employment history is erratic and his willingness to satisfactorily conform to the requirements of society appears somewhat speculative. Under these circumstances, we cannot say the sentence was outside the zone of reasonableness set forth in State v. Chaney, 477 P.2d 441 (Alaska 1970), and therefore the sentence is affirmed.

DIMOND, J., not participating.

---

1. In our opinions in Waters v. State, 483 P.2d 199 (Alaska 1971) and Robinson v. State, 484 P.2d 686 (Alaska 1971), which were decided after the date of this sentencing, we cautioned against placing reliance on previous "contacts" with the police. We feel constrained herein to note again that mention was made of "contacts" by the trial court and again caution against the reliance on such information in the sentencing process.