Willie James **ROBINSON**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1551.

Supreme Court of Alaska.

Dec. 30, 1971.

Herbert D. Soll, Public Defender, Anchorage, David C. Backstrom, Asst. Public Defender, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., Lyle R. Carlson, Asst. Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

ERWIN, Justice.

This is an appeal from a sentence of ten years imposed by the trial court upon appellant's plea of guilty to the crime of robbery.[1]

Appellant argues that he was prejudiced because the presentence report introduced below referred to appellant's previous police contacts and included a copy of an FBI "rap sheet" which noted his previous arrests but not their ultimate disposition, and

---

1. Appellant was the driver of a car which transported the actual robber.

because the report concluded that appellant had either been "extremely fortunate or innocent" in avoiding more convictions.[2] Appellant also claims prejudice because the report alludes to derogatory information of an unspecified nature obtained from the Anchorage Police Department. Appellant's counsel made no objection to the contents of the presentence report.[3] Finally, appellant argues that the sentence imposed was excessive.

▮ In two cases prior to this sentencing[4] and one since[5] we have stated that a recital of a history of police contacts without further explanation is improper and should not be considered by the trial judge. We adhere to this position but hold that because of the special circumstances present in this case resentencing is not required.[6]

▮ At oral argument before this court counsel for both parties agreed that the record on appeal erroneously failed to disclose that the trial judge was aware of the disposition of the police contacts listed on the "rap sheet". Although the district attorney and public defender disagree as to whether several of the dispositions should be characterized as convictions or probation revocations, we think the trial judge's awareness of the results of the various police contacts removes the spectre of prejudicial error.[7]

▮ With regard to the reference to derogatory information, unless plain error has occurred we will not consider alleged errors in the presentence report in the absence of an objection by the defendant at or before the sentencing hearing. No objection to information contained in the report was made and thus we find any error waived.[8]

▮ Finally, the sentence imposed herein is within the zone of reasonableness[9] referred to in Waters v. State[10] and Meyers v. State[11] and thus is hereby affirmed.

2. These comments of the author of the presentence report were not mentioned by the sentencing judge or defense counsel, but were mentioned and discounted in passing by the district attorney. Such comments clearly add little to the report and are out of place therein. See Crim. R. 32(c) (2).

3. The attorneys presenting the appeal did not participate in the sentencing in the trial court.

4. Waters v. State, 483 P.2d 199, 202–203 (Alaska 1971); Robinson v. State, 484 P.2d 686, 690 n. 11 (Alaska 1971).

5. Peterson v. State, 487 P.2d 682, 683 n. 1 (Alaska 1971).

6. Because of our previous express statements on the impropriety of references to police contacts in presentence reports, the introduction of the "rap sheets" below raises the possibility of plain error. We decline to rule that appellant's failure to object at the hearing precludes consideration of the matter on appeal.

7. In order to avoid any possibility of mistake because of disagreement over appellant's criminal history, we specifically authorize an extension of fifteen days from the date of entry of the mandate herein for the filing of a motion for reduction, correction or suspension of sentence under Crim.R. 35(a).

8. See United States v. Weston, 448 F.2d 626 (9th Cir. 1971), for a recent case limiting the kinds of evidence which can be considered in a presentence hearing. See also Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), cited by us in Thompson v. State, 426 P.2d 995, 1000 (Alaska 1967).

9. Not only did appellant have two previous felony convictions but both counsel agreed at the hearing that appellant had previously been addicted to heroin. There was conflicting evidence presented as to his rehabilitation.

10. 483 P.2d 199, 202 (Alaska 1971).

11. 488 P.2d 713, 715 (Alaska 1971).