Marie GRIGGS, Appellant,

v.

STATE of Alaska, Appellee.

No. 1400.

Supreme Court of Alaska.

March 13, 1972.

---

Meredith A. Wagstaff, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Robert Eastaugh, Asst. Dist. Atty., Seaborn J. Buckalew, Jr., Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

CONNOR, Justice.

The appellant, Marie Griggs, was convicted of larceny from the person and received a 4-year sentence with 2 years to serve and 2 years on probation. She raises three specifications of error in this appeal: a denial of due process of law in the state's failure to transcribe the grand jury testimony; an abuse of discretion in the court's admission of appellant's prior misdemeanor convictions; and the imposition of an excessive sentence.

Appellant's first claim of error is governed by our recent decision in Robinson v. State, 489 P.2d 1271 (Alaska 1971), where we held that failure to record grand jury proceedings does not offend due process of law.[1]

Griggs next contends that the court abused its discretion in denying her motion, made before trial, for a protective order to prevent the admission into evidence of her previous misdemeanor convictions. Appellant claims that her prior convictions, which were similar to the crime charged in the present case,[2] had no bearing on her

---

1. We recently issued Order No. 146, effective October 31, 1971, amending Alaska R.Crim.P. 6 governing grand jury proceedings. The amended Rule 6 requires that all proceedings before the grand jury be recorded. The amendment was not in effect at the time of appellant's

grand jury hearing and does not affect the disposition of this case.

2. Appellant's prior convictions were for petty larceny and prostitution. The circumstances surrounding the larceny in the present case, as described by the victim

veracity and were likely to have a prejudicial influence on the jury.

■ Griggs was questioned on direct examination by the defense counsel concerning her previous misdemeanor convictions for prostitution and petty theft. The state did not question Griggs on these convictions during its cross-examination. Both the prosecution and defense counsel referred generally to the former convictions again during their summation arguments. However, neither counsel mentioned the nature of the prior convictions at that time. The prosecutor himself advised the jury that they should consider the previous convictions only to the extent they shed light on the defendant's credibility. He told the jury that "under no circumstances" should they convict the defendant because of her previous convictions. The court also instructed the jury that the prior convictions could be used for purposes of impeaching credibility.

The fact that the most extensive testimony concerning Griggs' former convictions was elicited by her own counsel should not prejudice appellant's right to claim error in denial of her motion to prevent admission of these prior convictions. This court noted in Gafford v. State, 440 P.2d 405, 413 (Alaska 1968), the tactic of the defense attorney in examining his own client concerning prior convictions in order to soften the evidentiary weight of such prior convictions when first revealed by the prosecution. When representing a client with a blemished record, defense counsel really has no choice at all. He either must preempt the prosecution by exposing his own client's previous misdeeds or keep the defendant from taking the stand. Thus, defense counsel's tactic in this case was a direct result of the trial judge's failure to grant appellant's motion for a protective order.

Under the Alaska Criminal Rules, the trial court has broad discretion whether to permit impeachment of a witness with proof of prior criminal convictions.[3] We will not readily find an abuse of that discretion unless, "a prior conviction negates credibility only slightly, but creates a substantial chance of unfair prejudice. . . ."[4] The question here is whether it is an abuse of discretion to allow the admission into evidence of prior convictions of a type similar to the crime with which a defendant is charged. This question of impeachment with similar convictions has been before us on two previous occasions. In Scott v. State, 445 P.2d 39 (Alaska 1968) and Parish v. State, 477 P.2d 1005 (Alaska 1970), we upheld the admission of prior convictions which were synonymous with the crime with which the defendant was charged.[5] We see no reason to depart from those previous holdings in the present case. We do not regard the fact that the previous convictions in this case are similar to the crime with which the defendant was charged as creating unfair prejudice. Thus we decline to interfere with the trial court's discretion in this area.[6]

---

and the arresting officer, suggest the actions of a prostitute. Griggs first solicited the victim of the larceny. She then sought to distract him by toying with the zipper on his trousers as she reached for his wallet.

3. Alaska Civ.R. 43(g) (11) (b), Alaska R.Crim.P. 26(a), provides in relevant part:
   "[A witness may] not be impeached by evidence of particular wrongful acts, except that it may be shown by the examination of the witness or the record of a judgment that he has been convicted of a crime."

4. Spaulding v. State, 481 P 2d 389, 393 (Alaska 1971).

5. In *Scott* the court upheld the admission of prior convictions for prostitution to impeach the veracity of a defendant charged with a prostitution offense. In *Parish* the court was again faced with a defendant whose veracity was impeached by convictions which were synonymous with the offense charged, in that case joyriding.

6. In Gordon v. United States, 127 U.S.App. D.C. 343, 383 F.2d 936, 939 (1967), cited with approval in Spaulding v. State at 481 P.2d 389, 393 (Alaska 1971), the court noted that the trial judge's actions

It is significant that the prosecutor and the court, in its instructions, stressed to the jury that the previous convictions should be considered only for their bearing upon appellant's veracity. Considering this, and the language of our impeachment rule, we do not find error in the court's ruling.

Appellant's final contention of error is that the sentence of two years incarceration followed by two years probation is excessive on the facts of this case. Specifically, appellant contends that the heavy sentence was a result of unfounded and prejudicial inferences derived from police contacts listed in her FBI "rap sheet" and her relationship with her former husband.

■ We have concluded that in the circumstances of this case Marie Griggs' sentence took proper account of the sentence criteria we announced in State v. Chaney, 477 P.2d 441 (Alaska 1970), and was within a "zone of reasonableness".[7]

The state mentioned that Griggs had had numerous contacts with the law, seven of which resulted in convictions. The probation officer in his oral report was more specific. He told the court that Griggs had 38 police contacts listed on her "rap sheet". Over the defense counsel's objection, the state briefly discussed a 1964 contact with the police for grand theft, although it was unclear whether this charge resulted in a conviction. What is most interesting, however, is the stated assumption of the prosecuting attorney that he was free to discuss anything on a defendant's "rap sheet" at the sentencing hearing.

■ This sentencing took place prior to our decision in Waters v. State, 483 P.2d 199, 202–203 (Alaska 1971), where we urged the court not to place undue weight in the sentencing process upon unexplained police contacts on a defendant's "rap sheet."[8] We would take this occasion to reiterate our holding in *Waters* and subsequent cases that the state is not free to refer to a defendant's prior police contacts during the sentencing process. An undue emphasis placed on prior police contacts may make it necessary to remand a case for a new sentencing hearing.

■ In the present case, although it was error to mention Griggs' prior contacts with the police, we have concluded the error was harmless. Griggs had admitted during the course of trial to numerous contacts with the police. In addition it was proper for the court to consider her seven prior convictions when rendering sentence. Since the court already had before it considerable evidence of Griggs' previous encounters with the police, the additional information concerning her police contacts introduced at the sentencing hearing must be deemed harmless.

■ Concerning the references to Mrs. Griggs' former husband, we noted very recently in Robinson v. State, 492 P.2d 106 (Alaska 1971), that we will not consider errors in a presentence report in the absence of an objection by the defendant. No objection was made and thus we find any error waived.

Affirmed.

RABINOWITZ, Justice (dissenting).

I cannot agree with the majority's conclusion that the trial court's denial of Griggs' motion for a protective order

---

in admitting evidence of a defendant's prior convictions

"would be reviewable only for an abuse of discretion, and that once the exercise of discretion appeared, the trial court's action be 'accorded a respect appropriately reflective of the inescapable remoteness of appellate review.' This is a recognition that the cold record on appeal cannot present all facets and elements which the trial judge must weigh in striking the balance." (footnotes omitted).

7. *See also* Robinson v. State, 484 P.2d 686 (Alaska 1971); Waters v. State, 483 P.2d 199 (Alaska 1971); Gilmore v. State, 479 P.2d 301 (Alaska 1971); Nicholas v. State, 477 P.2d 447 (Alaska 1970).

8. *See also* Robinson v. State, 484 P.2d 686, 690 (Alaska 1971); Peterson v. State, 487 P.2d 682, 683 n. 1 (Alaska 1971); Robinson v. State, 492 P.2d 106 (Alaska 1971).

which would have blocked the admission into evidence of her prior misdemeanor convictions should be affirmed. For the reasons stated by Chief Justice Boney in his dissenting opinion in Parish v. State, 477 P.2d 1005, 1008–1014 (Alaska 1970), and in my dissenting opinion in Scott v. State, 445 P.2d 39, 41–44 (Alaska 1968), I am of the view that the trial court abused its discretion in denying Griggs' motion. In Spaulding v. State, 481 P.2d 389 (Alaska 1971), and Parish v. State, 477 P.2d 1005 (Alaska 1970), we held that our trial courts have discretion to exclude evidence of prior convictions of crime. In the case at bar the similarity between the crime charged and Griggs' prior convictions of petty larceny and prostitution made it imperative that these prior convictions not be admitted at her trial.[1] Here the state's case against Griggs was not an overpowering one. Given the similarity of the pending charge to her prior convictions, I am persuaded that the introduction of her prior convictions was prejudicial error.[2]

I further think the sentencing proceedings were so flawed that Griggs is minimally entitled to be resentenced before a different superior court judge upon remand. In Waters v. State, 483 P.2d 199, 203 (Alaska 1971), we said:

> Sentencing courts should be wary of relying on a record of police "contacts" or an arrest record in determining an appropriate sentence. The dangers inherent in the use of such records and in giving undue weight to such factors should be readily apparent to the trial judge.[3]

Study of the record of the sentencing proceeding in the case at bar shows frequent references to Griggs' numerous purported police contacts. In light of these circumstances, I believe that *Waters* requires that Griggs be resentenced.

1. Although I now have grave reservations concerning the effectiveness of any limiting instruction regarding the jury's use of evidence of this character, I note that in the case at bar the trial court did not instruct the jury that this evidence was being admitted solely for the purpose of impeaching the accused's credibility and was not to be used by the jury as evidence of guilt of the crime charged.

2. Some seven years have now elapsed since this court first indicated that the subject of impeachment of a witness' credibility by prior conviction of crime was an appropriate one for study by the bar of Alaska and for proposed rule revision. Sidney v. State, 408 P.2d 858, 863 n. 24 (Alaska 1965); Scott v. State, 445 P.2d 39, 43 (Alaska 1968) (dissenting opinion); Parish v. State, 477 P.2d 1005, 1014 n. 20 (Alaska 1970) (dissenting opinion). In all these cases we had occasion to remind the bar that this court desired their views on the subject of revising our impeachment by prior conviction of crime rule.

At present our Standing Advisory Committee on the Rules of Criminal Procedure has recommended that the following rule be adopted:

Rule 26. Evidence.

(f) Impeachment by Evidence of Conviction of Crime. Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impeaching his credibility. Before a witness may be impeached by evidence of a prior conviction, the court shall be advised of the existence of the convictions and shall rule if the witness may be impeached by proof of the conviction. If the witness is the accused, no evidence of his conviction of a crime shall be admissible for the sole purpose of impeaching his credibility unless he has first introduced evidence solely for the purpose of supporting his credibility.

*See also* State v. Santiago, 492 P.2d 657, 661 (Hawaii 1971), where the Supreme Court of Hawaii recently held that to convict a criminal defendant where prior crimes have been introduced to impeach his credibility as a witness violates the accused's constitutional right to testify in his own defense. Insofar as HRS § 621–22 and any rule of this court allow the introduction of prior convictions in a criminal case to prove the defendant's testimony is not credible, those provisions are at odds with the Due Process Clauses of Haw. Const. art. I, § 4 and the Fourteenth Amendment of the United States Constitution.

3. *See* Peterson v. State, 487 P.2d 682, 683 n. 1 (Alaska 1971); Robinson v. State, 484 P.2d 686, 690 n. 11 (Alaska 1971).