**Winslow Dave DEVEROUX, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2636.**

Supreme Court of Alaska.

April 26, 1976.

Kermit E. Barker, Jr., Phillip P. Weidner, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

CONNOR, Justice.

This appeal questions the propriety of using certain information in the sentencing process, and involves the standards used therein.

Winslow Deveroux pleaded guilty to the charge of being a felon in possession of a prohibited weapon,[1] and was sentenced to four years imprisonment. The maximum sentence for the crime is five years.[2]

■ The pre-sentence report revealed that Deveroux was frisked at a traffic stop while suspected of robbing the Hong Kong Restaurant in Anchorage, Alaska. Although the police were unable to establish any connection between Deveroux and the robbery, they did find a .25 caliber pistol and over $1,000 on his person. Possession of the pistol and the discovery of his prior conviction for burglary gave rise to the present charge. Besides his 1970 burglary conviction, Deveroux's criminal record reveals 11 other convictions for offenses ranging from breach of the peace to petty larceny, 13 traffic offenses, and one entry of "Obtaining Money by False Pretense 2 Cts. & Assault & Battery" in 1973 for which no disposition is listed. The pre-sentence report also contains a note to the court:

"in addition to the indicated offenses, there are seven additional arrests for violation of the criminal statutes, varying from suspicion of theft to Frequenting a Gambling Establishment to Assault With a Dangerous Weapon."

In addition to this, Deveroux's plea bargain in the instant case entailed his admitting, for purposes of sentencing, a charge of larceny in a building although the charge itself was to be dropped later.[3]

■ Deveroux raises, directly or indirectly, several contentions as to why his sentence should be reconsidered. He first argues that the trial court failed to conform to proper standards in sentencing, and failed to articulate its reasons for and the purpose to be served by the sentence. We disagree.

In State v. Chaney, 477 P.2d 441, 444 (Alaska 1970), we said:

"Under Alaska's Constitution, the principles of reformation and necessity of protecting the public constitute the touchstones of penal administration. Multiple goals are encompassed within these broad constitutional standards. Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves." (Footnotes omitted)

---

1. See AS 11.55.030.

2. AS 11.55.040 provides:
"A person who violates § 30 of this chapter is punishable by imprisonment for not less than one year nor more than five years, or by a fine not exceeding $500, or by both."

3. Since the charge was verified in this manner by the defendant himself, it may be considered for sentencing purposes even though not proven. See Hixon v. State, 508 P.2d 526, 527 n. 1 (Alaska 1973); State v. Galaktionoff, 486 P.2d 919, 922–923 (Alaska 1972).

In the case at bar, the trial judge specifically stated:

"looking at the record, there's no question in my mind that this person is a danger to society."

This would seem to fall under the objective and purpose of isolating the offender from society, mentioned in *Chaney*. The court also indicated that it considered and rejected the possibility of rehabilitation, "at least . . . unless there's a complete change of attitude by the defendant."

The information in the report which was taken into account in reaching such a conclusion was also specified by the trial judge:

"As I say, I look at the person's earning record, his contacts with the police, what his friends say about him, what his friends say against him. . . . I look at his record."

██ Traffic offenses, at least when there are a great number of them, may be included in a pre-sentence report, as here, and considered as evidence of a defendant's antisocial life style. *See Peterson v. State,* 487 P.2d 682, 683 (Alaska 1971).[4] We have repeatedly cautioned that "police contacts" not leading to conviction should not be considered.[5] In addition to the cases cited by appellant, we note that Alaska Criminal Rule 32(c)(2) has provided since 1973 that no record of arrest or other police contacts shall be included in a pre-sentence report.

4. Appellant does not directly raise this point on appeal, but he did raise it below.

5. Typical of our position on this matter is the following:
"In our opinions in *Waters v. State,* 483 P.2d 199 (Alaska 1971) and *Robinson v. State,* 484 P.2d 686 (Alaska 1971), which were decided after the date of this sentencing, we cautioned against placing reliance on previous 'contacts' with the police. We feel constrained herein to note again that mention was made of 'contacts' by the trial court and again caution against the reliance on such information in the sentencing process."

██ But our reading of the record convinces us that unexplained police contacts were not a significant factor in the trial court's decision to impose a four year sentence. Deveroux's prior "police contacts" not leading to convictions were discussed in ascertaining how long he had served on a prior conviction, and other matters which are not direct bases for increasing his sentence.

 Deveroux does have an extensive history of criminal and traffic convictions. Although some of these are petty in nature, their number warrants consideration. Furthermore, for purposes of sentencing there are two felonies to be considered: burglary and a recent larceny in a building.[6] Although Deveroux's list of convictions does not necessarily show a propensity for violence, his former probation officer's letter to the court did. This officer also indicated that Deveroux had not benefited from his probation on the burglary charge, in the past.

We hold that the trial judge was not clearly mistaken in imposing sentence on Deveroux.

AFFIRMED.

ERWIN, Justice (concurring).

While I agree with the majority opinion, I disagree with the statement that "[t]raffic offenses . . . may be included in a pre-sentence report . . . and considered as evidence of a defendant's antisocial life style." I view traffic

*Peterson v. State,* 487 P.2d 682, 683 n. 1 (Alaska 1971); *see Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971).

6. In *Waters v. State,* 483 P.2d 199, 201–02 (Alaska 1971), we upheld a 10-year maximum sentence for sale of cocaine even though Waters was not a "titan" of the narcotics traffic or otherwise a "worst offender" for drugs. We reasoned: "Appellant's commission of the robbery and larceny in a building offenses demonstrate[s] that he is a risk to the public. His antisocial behavior indicates that a period of incarceration is called for . . . ."

offenses as basically non-criminal conduct which adds little to the understanding of a person's life style. Since almost every person who operates a motor vehicle has committed a traffic offense of one type or another, such violations simply do not demonstrate anti-social behavior. Their effect should be considered in relationship to the ability to properly operate an automobile and should not be extended in the manner characterized in the majority opinion.