Andrew C. **HORTON,** Appellant,

v.

**STATE** of Alaska, Appellee.

No. 2646.

Supreme Court of Alaska.

Aug. 11, 1976.

7.  *See* note 2, *supra.*

8.  *See* note 3, *supra.*

David Shimek, Anchorage, for appellant.

Glen C. Anderson and Joseph D. Balfe, Anchorage, Avrum M. Gross, Atty.Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, ERWIN, CONNOR and BURKE, JJ.

PER CURIAM.

Following his conviction [1] for the crime of burglary not in a dwelling,[2] appellant Andrew C. Horton was sentenced to a five year term of imprisonment with two years suspended.[3] Horton appeals his sentence, claiming that it is excessive.[4]

It is clear that the superior court, in sentencing Horton, gave thorough consideration to each of the sentencing goals enunciated by this court in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). Our independent examination of the record fails to persuade us that the court below was clearly mistaken.[5] Accordingly, the judgment must be affirmed.[6]

1. Appellant was convicted upon his plea of guilty.

2. AS 11.20.100.

3. The crime of burglary not in a dwelling is punishable by imprisonment for not less than two nor more than five years. AS 11.20.100.

4. AS 12.55.120(a) provides in part:
   A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive.

5. This case represents Horton's third felony conviction. In 1961 he was convicted on another charge of burglary not in a dwelling and sentenced to three years with two suspended. After he was placed on probation, his probation was revoked and he was required to serve the balance of the three year sentence. In 1965 he was again convicted of burglary not in a dwelling and given a three year sentence. Later placed on parole, his parole was revoked and once more he was required to serve the balance of his sentence. He remained in custody from late 1967 to 1971. Horton was also convicted of two misdemeanor liquor violations in 1961 and 1962.

   In a number of cases, this court has summarily approved long term sentences for repeat offenders, "evidencing a recognition that the incidence of repeated offenses greatly enhances the likelihood of continued antisocial behavior and the concomitant need to protect society therefrom." Erwin, *Five Years of Sentence Review in Alaska*, 5 UCLA–Alaska L.Rev. 1, 18 (1975), citing *Whitton v. State*, 533 P.2d 266 (Alaska 1975); *Crow v. State*, 517 P.2d 756 (Alaska 1973); *Kriska v. State*, 501 P.2d 159 (Alaska 1972); *Griggs v. State*, 494 P.2d 795 (Alaska 1972).

6. *McClain v. State*, 519 P.2d 811 (Alaska 1974).