**Justin R. HART, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8305.

Court of Appeals of Alaska.

Aug. 15, 2003.

S. Joe Montague, Assistant Public Defender, Kenai, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Last year, in *McCoy v. State*, 59 P.3d 747, 750–751 (Alaska App.2002), we were asked to decide whether a pre-sentence investigator is required to obtain permission from the superior court before writing a pre-sentence report that includes information about the defendant's informal involvement with the juvenile justice system—that is, contacts with the juvenile justice system that did not result in a formal adjudication of delinquency. We held that the answer was "no". In the present appeal, the defendant urges us to reconsider and reverse *McCoy*.

Justin R. Hart was convicted of third-degree assault. His pre-sentence report included information pertaining to Hart's contacts with the juvenile justice system that did not lead to formal adjudications of delinquency. (That is, the complaints against him were handled informally under AS 47.12.060.) On appeal, Hart argues that it was improper for his pre-sentence report to include this information.

Alaska Delinquency Rule 27(a)(1) authorizes a pre-sentence investigator who is preparing an adult pre-sentence report to use the defendant's juvenile records without first obtaining case-specific permission from the superior court. In *McCoy*, we concluded that Delinquency Rule 27(a)(1)—in particular, the phrase "court records of a juvenile delinquency proceeding"—encompassed the information in the juvenile probation officer's file, even when that information related to contacts that never led to formal delinquency proceedings. *Id.* at 751.

In *McCoy*, we acknowledged that a related statute, AS 47.12.300(d), apparently required the pre-sentence investigator to obtain permission from the superior court before using these records. But we held that this was a procedural matter—and that, therefore, the procedure specified in the delinquency rule took precedence over the procedure specified in the statute. *Id.* at 751.

In the present appeal, Hart argues that the *McCoy* decision is flawed because we neglected to consider another statute, AS 47.12.310(a), which declares that all agency records pertaining to a minor "are privileged and may not be disclosed . . . without a court order".

However, as we noted in our first opinion on rehearing in *McCoy*, 59 P.3d at 752–53, the rule of non-disclosure codified in AS 47.12.310(a) is riddled with exceptions. The most pertinent of those exceptions are AS 47.12.310(b)(1), which states that a minor's records "shall" be disclosed to any federal, state, or municipal law enforcement agency when those records are pertinent to a "specific investigation being conducted by that agency", and AS 47.12.310(b)(2)(E), which states that a minor's records "shall" be disclosed to "a law enforcement agency of this state or another jurisdiction as may be necessary for the protection, rehabilitation, or supervision of any minor or for actions by that agency to protect the public safety".

These two exceptions seemingly authorize (indeed, compel) disclosure of a person's juvenile records under the circumstances presented here—that is, when those records are sought in connection with the preparation of a pre-sentence report on that same person. Thus, AS 47.12.310 does not appear to conflict with the result we reached in *McCoy*.

Moreover, it would not make much sense to construe AS 47.12.310 as being inconsistent with *McCoy*. It is difficult to imagine a situation in which a superior court judge would deny permission to a pre-sentence investigator who wanted to include information about a defendant's informal contacts with the juvenile justice system. Although the sentencing judge might ultimately conclude that these informal contacts were unimportant, the judge would want to know about them. Thus, judicial permission to inspect the defendant's juvenile file would be a foregone conclusion. This is apparently the rationale behind Delinquency Rule 27(a)(1)'s rule of automatic disclosure to pre-sentence investigators.

Even assuming that the meaning of AS 47.12.310 was reasonably debatable, this rationale would counsel against construing the statute to require pre-sentence investigators to repeatedly seek case-specific permission to view and rely on the information in the defendant's juvenile file. Because permission would uniformly be granted, construing the statute in this fashion would only add a needless procedural step to the preparation of a pre-sentence report.

For these reasons, we reaffirm our decision in *McCoy*: a probation officer who is preparing a pre-sentence report can examine the defendant's juvenile file and can include information about the defendant's informal contacts with the juvenile justice system without first seeking case-specific permission from the superior court.

The judgement of the superior court in Hart's case is AFFIRMED.