**STATE of Alaska, Appellant,**

v.

**John B. SHORT, Appellee.**

No. A–8601.

Court of Appeals of Alaska.

Aug. 6, 2004.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellant.

Sharon Barr, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

The presentence report in this case included the information that the defendant, as a juvenile, had been charged with burglary in the second degree and theft in the third degree. The report stated that these offenses had been informally adjusted with a letter. The superior court granted the defendant's motion to strike this information from the presentence report on the ground that this information constituted a juvenile police contact that the Alaska Supreme Court, in *Robinson v. State*,[1] stated "should not be made part of a presentence report." The State appeals. We conclude that the superior court erred in ruling that *Robinson* required it to strike the information.

### Factual and procedural background

John B. Short was convicted of theft in the second degree.[2] In the presentence report, the probation officer included, under a section which outlined Short's prior criminal history information, that on July 6, 1997, when he was a juvenile, Short and a co-defendant "broke into the Copper River Cash Store and stole approximately $84.00 worth of tobacco products." Based on this conduct, Short had been charged with burglary in the second degree and theft in the third degree. Under "disposition," the presentence report stated that this juvenile matter was adjusted with a letter.

Prior to sentencing in the present case, Short moved to delete this material from his presentence report. Short pointed out that in *Robinson*, the Alaska Supreme Court disapproved of including in an adult presentence report a record of a juvenile's police contacts.[3] Superior Court Judge Charles R. Pengilly granted Short's motion to strike, concluding that *Robinson* required him to delete the reference to Short's burglary and theft offenses. Judge Pengilly sentenced Short to 12 months with 8 months suspended. The State now appeals Judge Pengilly's order striking the presentence report's reference to Short's juvenile burglary and theft offenses.

### Whether a presentence report may reference an adult defendant's juvenile record

As a preliminary matter, Short contends that the probation officer had no authority to have access to Short's juvenile records without obtaining a prior court order. Short asks us to overrule *McCoy v. State*[4] and *Hart v.*

---

1. 484 P.2d 686, 690 n. 11 (Alaska 1971).

2. AS 11.46.130(a).

3. *Robinson*, 484 P.2d at 690 n. 11.

4. 80 P.3d 751 (Alaska App.2002).

*State.*[5] We adhere to those decisions.

Short's major contention is that *Robinson* forbids using an adult defendant's prior juvenile record when that record consists of charges that have not gone to court but have been informally adjusted. Short argues that *Robinson* precludes using this information. In *Robinson,* a jury convicted Robinson of two offenses: robbery and using or carrying a firearm during the commission of the robbery.[6] The supreme court held that Robinson could only be convicted of a single offense of armed robbery.[7] The decision also discussed issues concerning Robinson's eligibility for parole and the need to obtain a psychological evaluation before sentencing a young offender to a substantial sentence of imprisonment.[8] In a footnote, the court stated:

> The presentence report and the transcript of the sentencing proceedings show that undue emphasis was placed on the number of Robinson's purported police contacts while a juvenile. Sentencing courts should be wary of relying on a record of police "contacts" or on arrest records in determining an appropriate sentence. We are of the further view that a juvenile's police contacts should not be made part of a presentence report. The dangers inherent in the use of such records and in giving undue weight to such factors should be readily apparent to the trial judge.[9]

In the footnote, the court also referred to its decision in *Waters v. State.*[10]

In *Waters,* a landmark decision in which the supreme court set out different categories of seriousness of drug offenses for sentencing, the supreme court affirmed Waters's sentence.[11] After affirming Waters's sentence, the court stated:

> One other aspect of this appeal remains for comment. The transcript of the sentencing proceedings shows that the trial judge placed perhaps undue emphasis on the number of appellant's purported police contacts as reflected in an FBI report.... Sentencing courts should be wary of relying on a record of police "contacts" or an arrest record in determining an appropriate sentence. The dangers inherent in the use of such records and in giving undue weight to such factors should be readily apparent to the trial judge.[12]

Several years later, in *Nukapigak v. State,*[13] the probation officer preparing the presentence report set out conversations that she had with residents of Point Lay, Nukapigak's home.[14] Many of these people reported that Nukapigak became extremely violent when he drank.[15] The trial judge placed considerable emphasis on these reports in sentencing Nukapigak.[16] Nukapigak appealed, arguing that the trial judge erred in relying on these hearsay reports.[17] Nukapigak contended that "[p]ersons interviewed by the author of the presentence report had no first-hand knowledge of the events described and, therefore, such information concerning his past antisocial behavior should not have been considered by the sentencing judge."[18]

**5.** 75 P.3d 1073 (Alaska App.2003).

**6.** *Robinson,* 484 P.2d at 687.

**7.** *Id.* at 687–88.

**8.** *Id.* at 689–90.

**9.** *Id.* at 690 n. 11 (quotations and citations omitted); *see also Parks v. State,* 571 P.2d 1003, 1004 n. 6 (Alaska 1977) ("We reiterate our previous disapprovals of the use of unexplained police 'contacts' or arrest records.") (citing *Thurlkill v. State,* 551 P.2d 541, 544 (Alaska 1976); *Mattern v. State,* 500 P.2d 228, 234–35 (Alaska 1972); *Griggs v. State,* 494 P.2d 795, 798 (Alaska 1972); *Robinson v. State,* 484 P.2d 686, 690 n. 11 (Alaska 1971); *Waters v. State,* 483 P.2d 199, 202–03 (Alaska 1971)).

**10.** 483 P.2d 199 (Alaska 1971).

**11.** *Id.* at 200–03.

**12.** *Id.* at 203.

**13.** 562 P.2d 697 (Alaska 1977), *affirmed on rehearing* 576 P.2d 982 (Alaska 1978).

**14.** 562 P.2d at 700.

**15.** *Id.*

**16.** *Id.*

**17.** *Id.*

**18.** 576 P.2d at 983.

The supreme court disagreed. The court pointed out that trial judges need to have a broad range of information to impose an appropriate sentence.[19] The supreme court emphasized two points. The first point was that Nukapigak had the ability to challenge the information in the presentence report and had not done so.[20] The court stated that this "alone is sufficient to support our decision to affirm his sentences."[21] The supreme court also pointed out that the allegations against Nukapigak were not "bare accusations or unexplained arrests which constitute unexplained police contacts."[22]

From these cases, we conclude that when the supreme court stated that presentence reports should not include unexplained police contacts or arrests, it did not intend to preclude a trial judge from considering an adult defendant's prior juvenile record such as the record that existed in this case. This was not an unexplained police contact. The presentence report described a specific incident—that on July 6, 1997, the defendant and an accomplice "broke into the Copper River Cash Store and stole approximately $84.00 worth of tobacco products." The presentence report lists what appears to be the number of the police report which the Alaska State Troopers issued after investigating the incident. The presentence report indicates that the matter was informally adjusted.

Alaska Statute 47.12 governs delinquent minors. Alaska Statute 47.12.060 provides that the Department of Health and Social Services may informally adjust charges brought against minors. According to that statute, if the department elects to make an informal adjustment, the informal adjust-

ment "must be made with the agreement or consent of the minor and the minor's parents or guardians to the terms and conditions of the adjustment."[23] The procedure set out in AS 47.12.060 appears to require the department to review the charges and the information supporting them, to discuss the charges with the minor and his parents, and to obtain their consent to the conditions of the adjustment. Therefore, on its face, an informal disposition of a juvenile case appears to be much more substantial than a mere police contact or unexplained arrest record, which the supreme court cautioned against using. We accordingly conclude that the author of a presentence report can properly include this information in the report. Of course, a defendant can challenge the accuracy of this information.[24]

*Conclusion*

We accordingly conclude that the superior court judge erred in concluding that *Robinson v. State* required him to strike the reference to Short's juvenile record in the presentence report. We therefore reverse this ruling. On remand, Short is entitled to challenge this information on the ground that it is not sufficiently verified.

The order striking Short's juvenile record from the presentence report is REVERSED.

---

19. *Id.* at 984.

20. 562 P.2d at 701.

21. 576 P.2d at 983.

22. 562 P.2d at 701.

23. AS 47.12.060(b)(1).

24. Alaska R.Crim. P. 32.1(d)(5).